IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Kevin Campbell, Trustee | ) | |
| | ) | C/A No. 2:06-CV-03283-DCN |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Charles Cathcart, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| Alan Grayson and the AMG Trust, | ) | |
| | ) | C/A No. 2:07-CV-00593-DCN |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Charles Cathcart, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| Newton Family LLC, | ) | |
| WCN/GAN Partners Ltd., | ) | C/A No. 2:07-CV-02964-DCN |
| | ) | C/A No. 2:07-CV-02965-DCN |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Charles Cathcart, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| General Holding, Inc., | ) | |
| | ) | |
| Plaintiffs, | ) | C/A No. 2:06-CV-01121-DCN |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | **ORDER** |
| Charles Cathcart, et al., | ) | |
| Defendants. | ) | |

1

|                                          )|                           |
|------------------------------------------|---------------------------|
| Robert and Melanie Sabelhaus,           ) |                           |
|                                          ) | C/A No. 2:07-CV-00790-DCN |
|                        Plaintiffs,      ) |                           |
|                                          ) |                           |
|            v.                            ) |                           |
|                                          ) | **ORDER**                 |
| Charles Cathcart, et al.,                ) |                           |
|                                          ) |                           |
|                        Defendants.       ) |                           |
|                                          ) |                           |

This matter is before the court on defendants' motion to reconsider the judgment entered November 24, 2009, to vacate the judgments pursuant Federal Rule of Civil Procedure 59(e), and to stay enforcement proceedings pursuant to Federal Rule of Civil Procedure 62(b) pending adjudication of their motion.

The Fourth Circuit allows a district court to alter or amend a judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Pacific Ins. Co. v. American Nat. Fire Ins. Co., 148 F.3d 396 (4th Cir. 1998). However, it is a remedy that should be used sparingly and is not an opportunity to relitigate old matters. Id. (citing 11 Wright et al., Federal Practice and Procedure § 2810.1, at 127-28 (2d ed. 1995). As one court noted, it is improper to use "the motion to reconsider to ask the [c]ourt to rethink what the [c]ourt has already thought through—rightly or wrongly." Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983).

Under Fourth Circuit precedent, defendants' motion presents no valid grounds for reconsideration. There has been no change in controlling law, defendants have failed to present new evidence that was not available to them earlier in the proceedings, and they

have not attempted to show manifest injustice or a clear error of law.  To the extent defendants believe their defenses have not been ruled upon, denial of these defenses was subsumed in the court's earlier rulings.

For the foregoing reasons, it is **ORDERED** that defendants' motion to reconsider and set aside the judgments is **DENIED**.

**AND IT IS SO ORDERED.**

_____
**DAVID C. NORTON**
**CHIEF UNITED STATES DISTRICT JUDGE**

**March 9, 2010**
**Charleston, South Carolina**